## Bacharach v. Buchanan

*Carl A. Belin*, for plaintiff.
*Peter F. Smith*, for defendant.

REILLY, *P.J.*, November 15, 1985—Plaintiff has moved for summary judgment in the above-captioned action in equity alleging that no material issues of fact exist. Defendant has filed a request for accounting and counterclaims seeking damages. It appears from the pleadings that Dr. Herbert J. Bacharach was an ophthalmologist with an office in Clearfield and defendant Richard S. Buchanan maintained space in that office for supplying and fitting eyeglasses on the doctor's prescription. It further appears that Dr. Bacharach terminated the employment of defendant because of a medical condition known as cerebral atrophy which caused defendant to create problems with the patients. Defendant, in his responsive pleadings, has determined an accounting for the good will he alleges he contributed to the business and that the termination of his employment constituted a violation of public policy. This court does disagree and does herein grant plaintiff's motion for summary judgment.

The business was located in the office of Dr. Bacharach and defendant was allocated space therein. Further, there was no written contract or agreement between the parties and the association existed at the will of each. Buchanan had no owner-

ship whatsoever in the office or the property therein and no good will could exist under these circumstances. See Underdown v. Underdown, 279 Pa. 482, 124 Atl. 159 (1924).

Moreover, the termination of the employment of defendant was not contrary to public policy. In Yaindl v. Ingersoll-Rand Company, 281 Pa. Super. 560, 422 A.2d 611 (1980), the Superior Court held that there is no nonstatutory cause of action for an employers termination of an at-will employment relationship. Defendant has alleged as a basis for his action the fact that he was terminated due to a disability or handicap. The Human Relations Act, 43 P.S. §955, makes it discriminatory for an employer to terminate a person's employment because of a non-job related handicap or disability. A non-job related handicap or disability means any handicap or disability which does not substantially interfere with the ability to perform the essential functions of the employment. The depositions of the parties here make the claim that defendant's handicap or disability did substantially interfere with his ability to perform his duties and therefore Dr. Bacharach was justified in the action he took.

Wherefore, the court enters the following ʹ

## ORDER

Now, this November 15, 1985, it is the order of this court that plaintiff's motion for summary judgment be and is hereby granted.